water in the pond should be 8 inches less than the same was maintained at the time of the filing of the bill and at the time of the hearing. The complainant, not deeming this relief adequate, and conceiving that a greater reduction of the ponding capacity was justified under the proofs, has appealed. The defendants have not appealed.

The question involved is purely one of fact, and the testimony taken and returned to this court is too voluminous to admit of quoting from it at length. A careful reading of the testimony has satisfied us that the defendants have exceeded their prescriptive right of flowage substantially to the extent claimed by the complainant, and the decree of the circuit court should be so modified as to require the defendants to reduce the ponding capacity of their dam so that it will not and cannot maintain the water in the pond as high as it now can and does, by 18 inches, instead of 8 inches, as provided in said decree. In other respects the decree should be affirmed. Complainant will recover costs.

The other Justices concurred.

---

THOMPSON *v.* NOBLE.[1]

108    19
108    27

1. PARTNERSHIP—ACCOUNTING—ESTOPPEL.
  A defendant in a suit for a partnership accounting who denies the existence of the partnership is nevertheless entitled to a just statement of the account in case the partnership relation is established.

2. SAME—SEPARATE BUSINESS OF ONE PARTNER—PROFIT ON DEALINGS WITH FIRM.
  A member of a manufacturing firm who has consented to his copartner's carrying on a mercantile business upon his own

---

[1]Rehearing denied March 12, 1896.

account is not entitled to participate in the profits realized by the latter upon goods turned out by him in payment for materials furnished and labor performed for the firm.

3. SAME—DISSOLUTION — GENERAL ASSIGNMENT — POWER OF SOLVENT PARTNER.

Upon the dissolution of a partnership by one member's executing an assignment for the benefit of his creditors, the solvent partner, under the general authority vested in him to wind up the affairs of the concern, may mortgage its entire assets to secure certain of its creditors, being accountable only for the observance of good faith.

4. SAME—INTEREST ON ADVANCES—COMPENSATION FOR SERVICES.

In the absence of an express agreement or a settled practice to the contrary, a partner is not entitled to interest on advances made to the firm, or to compensation for his services.

Appeal from Huron; Beach, J. Submitted June 7, 1895. Decided December 30, 1895.

Bill by Charles E. Thompson, assignee of William H. Cooper and William Creevy, against Orange Noble, for an accounting. Both parties appeal. Decree modified and affirmed.

*Dickinson, Thurber & Stevenson* (*H. W. Stevens,* of counsel), for complainant:

Defendant, having denied the existence of the copartnership with reference to the salt business, is estopped to assert any claim dependent upon his connection therewith. Bigelow, Estop. (4th Ed.) 642, and cases cited; Id. 687–689; *Thompson* v. *Howard,* 31 Mich. 309; *Thayer* v. *Arnold,* 32 Mich. 336; *McQueen* v. *Gamble,* 33 Mich. 344; *Beam* v. *Macomber,* 35 Mich. 455; *Walsh* v. *Varney,* 38 Mich. 73; *Rowley* v. *Towsley,* 53 |Mich. 329; *Steere* v. *Vanderberg,* 90 Mich. 188; *Rodermund* v. *Clark,* 46 N. Y. 354; *Dreyfous* v. *Adams,* 48 Cal. 131; *Dunning* v. *West,* 66 Ill. 366; *Bradley* v. *Coolbaugh,* 91 Ill. 148; *Thurlough* v. *Kendall,* 62 Me. 166; *Callaway* v. *Johnson,* 51 Mo. 33; *Railway Co.* v. *McCarthy,* 96 U. S. 267.

There is nothing unlawful in concerns composed of the same members, in whole or in part, having business rela-

tions with each other. 2 Lind. Part. 725; Pars. Part. (2d Ed.) 501; *Carpenter* v. *Greenop*, 74 Mich. 664; *Ex parte St. Barbe*, 11 Ves. 413; *Waters* v. *Towers*, 8 Exch. 401; *Schnaier* v. *Schmidt*, 13 N. Y. Supp. 725; *Cole* v. *Reynolds*, 18 N. Y. 74; *Schnebly* v. *Culter*, 22 Ill. App. 87; *Parnell* v. *Robinson*, 58 Ga. 26; *Freck* v. *Blakiston*, 83 Pa. St. 474; *Whitman* v. *Bowden*, 27 S. C. 53.

Under the circumstances of this case, complainant should be allowed interest upon the balance found to be due to his assignors from the date of the dissolution of the partnership. *Sweeney* v. *Neely*, 53 Mich. 421; *Robbins* v. *Laswell*, 58 Ill. 203; *Beacham* v. *Eckford*, 2 Sandf. Ch. 116.

*Horace G. Snover* (*Elbridge F. Bacon*, of counsel), for defendant:

By denying that he was a partner with complainant's assignors in the salt business, defendant did not waive his right to have the partnership effects applied to the payment of the partnership debts. *Robinson* v. *Allen*, 85 Va. 721.

Defendant is entitled to an accounting as to the profits made upon goods sold in payment for work and materials furnished for the firm. *Lockwood* v. *Beckwith*, 6 Mich. 168; *Burton* v. *Wookey*, Madd. & Gel. 367; *Gardner* v. *M'Cutcheon*, 4 Beav. 534; *Bentley* v. *Craven*, 18 Beav. 75; *Railway Co.* v. *Blakie*, 1 McQ. 461; *Patterson* v. *Holland*, 7 Grant, Ch. 8; *Russell* v. *Austwick*, 1 Sim. 52; *Dunne* v. *English*, L. R. 18 Eq. 524; *Whitman* v. *Bowden*, 27 S. C. 53; *Bank* v. *Cox*, 2 Hun, 572, 59 N. Y. 659; *Todd* v. *Rafferty*, 30 N. J. Eq. 254; *Bast's Appeal*, 70 Pa. St. 301; *Pomeroy* v. *Benton*, 57 Mo. 531; *Dunlop* v. *Richards*, 2 E. D. Smith, 181; *McMahon* v. *McClernan*, 10 W. Va. 419.

The assignment to complainant operated, *ipso facto*, to dissolve the firm (*Bank* v. *Carrollton Railroad*, 11 Wall. 624; *Reece* v. *Hoyt*, 4 Ind. 169; *Smith* v. *Evans*, 37 Ind. 526; *Arnold* v. *Brown*, 24 Pick. 89; *Ogden* v. *Arnot*, 29 Hun, 146; *Morss* v. *Gleason*, 64 N. Y. 204; *Conrad* v. *Buck*, 21 W. Va. 396); and thereupon defendant, as the solvent member, became authorized to go on and close up the business, and apply the partnership property, so far as it was necessary, to the payment of

the partnership debts; and to that end he could either sell the property himself, or turn it out or mortgage it to the creditors (1 Bates, Partn. § 183; *Amsinck* v. *Bean*, 22 Wall. 395; *Ogden* v. *Arnot*, 29 Hun, 146; *Miller* v. *Brigham*, 50 Cal. 615; *Chase* v. *Scott*, 33 Iowa, 309; *Reece* v. *Hoyt*, 4 Ind. 169; *Morgan* v. *Marquis*, 9 Exch. 145; *Freeland* v. *Stansfeld*, 2 Sm. & G. 479; *Harvey* v. *Crickett*, 5 Maule & S. 336; *Menagh* v. *Whitwell*, 52 N. Y. 146); and the fact that the property sold for less than the insolvent partners thought it should have brought would not render the defendant liable to account for more than he received, unless he acted fraudulently, or with a willful disregard of his duty (*Cragg* v. *Ford*, 1 Younge & Coll. Ch. 280; *Snell* v. *DeLand*, 136 Ill. 533; *Charlton* v. *Sloan*, 76 Iowa, 288; *Miller* v. *Jones*, 39 Ill. 54; *Blair* v. *Johnston*, 1 Head, 13; *Morris* v. *Allen*, 14 N. J. Eq. 44; *Peters* v. *McWilliams*, 78 Va. 567; *M'Crae* v. *Robeson*, 2 Murphey, 127). Furthermore, a partner has the power to sell and mortgage the entire stock of the partnership for the purpose of paying the partnership debts, even without the consent of his copartners. *Sweetzer* v. *Mead*, 5 Mich. 107; *Barry* v. *Briggs*, 22 Mich. 201; *Godfrey* v. *White*, 43 Mich. 171; *Shanks* v. *Klein*, 104 U. S. 18; *Mabbett* v. *White*, 12 N. Y. 442; *Graser* v. *Stellwagen*, 25 N. Y. 315; *Hage* v. *Campbell*, 78 Wis. 572; *Tapley* v. *Butterfield*, 1 Metc. 515; *Phillips* v. *Furniture Co.*, 86 Ga. 699; *Schneider* v. *Sansom*, 62 Tex. 201.

Complainant was not entitled to interest on advances, either before or after dissolution. 2 Bates, Partn. § 786; *Johnson* v. *Hartshorne*, 52 N. Y. 173; *Barfield* v. *Loughborough*, L. R. 8 Ch. 1; *Juilliard* v. *Orem's Exr's*, 70 Md. 465; *Prentice* v. *Elliott*, 72 Ga. 154; *Dexter* v. *Arnold*, 3 Mason, 284.

HOOKER, J. Cooper and Creevy were partners in the mercantile business at Port Austin. Noble was a resident of Erie, Pa., and the owner of several tracts of land near New River, Mich., eight miles distant from Port Austin. On some of this land in the village of New River was a sawmill, dock, and some buildings. On September 1, 1873, an arrangement was made between these persons for the erection of a salt block by Cooper and Creevy on some of the New River property. A contract was made,

wherein Noble agreed to sell and convey an undivided two-thirds interest in land designated to Cooper and Creevy upon payment and performance of the consideration therein mentioned. Cooper and Creevy, in consideration of this promise, agreed to expend $10,000 within one year in the erection of salt works and other improvements upon said premises, known as the "New River Mill Property." This was the only written evidence of the agreement relating to the salt block. The salt block was completed and put in operation about July 1, 1874, and continued in operation until the fall of 1886. It seems to be undisputed that at a later date the three persons named— *i. e.*, Cooper, Creevy, and Noble—engaged in the manufacture of lumber from timber taken from these lands, under a partnership agreement. Cooper and Creevy became pecuniarily embarrassed, and made an assignment for the benefit of their creditors, upon hearing which Noble made a chattel mortgage of personal property belonging to Noble, Cooper & Creevy to one of the creditors, and this property was sold to satisfy the mortgage. The assignee filed the bill in this cause for an accounting between Noble and himself as representative of Cooper and Creevy. Both parties appeal.

Among disputed questions were:

*First.* Whether Noble was a partner with Cooper and Creevy in the salt business.

*Second.* Whether, if so, he should be allowed to participate in certain profits realized by Cooper and Creevy upon goods furnished from their store at Port Austin to employés of Noble, Cooper & Creevy for labor, and to others in payment for articles furnished Noble, Cooper & Creevy.

*Third.* Whether Noble was justified in giving a chattel mortgage on firm property to secure its debts, and can avoid accounting for the value of such property beyond the amount realized from the mortgage sale.

From an inspection of the record, we are of the opinion that the complainant has sustained his claim that Noble was a partner with Cooper and Creevy in the salt business. We think, however, that the defendant should not

be allowed to participate in the profits made upon goods. While Noble declined to engage in storekeeping with Cooper and Creevy, it is clear that it was expected that Cooper and Creevy would continue the mercantile business, and there is evidence that Noble expressed a willingness that they should have the profits made. To the contention that his denial of the partnership is inconsistent with a claim of this character, it may be replied that he should not be deprived of a just statement of the account because he has denied his connection with the salt business.

It is claimed by complainant that the defendant was not justified in mortgaging the firm property, and instigating its early sale, at prices much less than the intrinsic value; and that he should be required to account for this property at its actual value. The circuit judge seems to have thought otherwise. Apparently this was a very bad wreck, and Noble, who was solvent, was liable for a large sum on partnership account. He took prompt measures to apply the odds and ends of the wrecked business to its debts. If property was sacrificed, he was a proportionate loser, with other partners; and we see no evidence of a motive to injure them, or profit out of their misfortune, through the sale of this property. Whether he mortgaged to a trustee, who sold and applied the money, or made sale himself, and devoted the proceeds to firm debts, could make little difference, as long as there was an absence of fraud. The solvent partner had the right to wind up the concern, which was dissolved by the assignment, and had the power to sell property and pay firm debts, through such agency as he chose, being accountable only for good faith, unless the courts, at the instigation of the assignee, should intervene. 2 Bates, Partn. §§ 752, 755. We concur with the circuit judge in his view of this subject.

Complainant's brief (page 5) states that—

"It is because of the conclusion of the circuit judge that it was right for the defendant, as a member of the firm of Noble, Cooper & Creevy, to participate in the profits made by W. H. Cooper & Company [*i. e.*, Cooper

and Creevy] in their independent business by dealing with the firm in question, and also on account of the determination of said judge that a copartnership may be wound up by one of the members of the firm giving a chattel mortgage upon all of the assets for the purpose of having such property disposed of, and only be accountable for the ruinous prices that the mortgagee may see fit to take, that the complainant appeals."

On the other hand, the defendant complains only of the determination that Noble was a partner in the salt business.

What has been said, therefore, would practically dispose of the questions in the case, but for the fact that in a supplemental brief complainant appears to ask that we award him interest on a balance due Creevy and Cooper on book account from September 14, 1888, to date, because "Cooper and Creevy will have to pay interest on what they owe, all of which [it is said] went into the business." In short, interest is asked on the excess contributed by Cooper and Creevy "for the reason that it is inequitable for Cooper and Creevy to devote their time and their money to the carrying on of the business, whereas Noble contributed nothing in the way of time or labor, but only made such advances as the proofs show." We are not referred to authority to sustain the proposition that the devotion of time to a business by a partner can be made the basis of compensation. As we understand the rule, an express contract is necessary to entitle a partner to pay for services. 2 Bates, Partn. § 770, and cases cited. And interest on advances is not allowable in the absence of an express agreement or a settled practice. *Godfrey* v. *White*, 43 Mich. 171.

The decree of the circuit court is therefore reversed to the extent of disallowing the claim of the defendant to participate in the profits arising from the goods sold from the store of Cooper and Creevy. In all other respects it will be affirmed. The complainant will recover costs of

this court, and the record will be remanded for further proceedings.

MCGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.